# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **CAROLINE DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| v. | ) | **1:07-CV-01759-KOB** |
| | ) | |
| **DOUG PRIESTER,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Doug Priester ("Defendant") sets forth the following answers and affirmative defenses to Plaintiff's Complaint:

1. Defendant admits this Court has jurisdiction over this matter but denies any and all allegations of wrongdoing.

2. Admitted.

3. Admitted that Plaintiff purchased insurance through Defendant. Defendant admits he relayed information provided to him to Plaintiff that the disability insurance offered up to $2,000.00 a month for two years in the event of a disability, assuming all other terms and conditions of the Policy were satisfied. The remaining allegations of this paragraph are denied.

4. Admitted that Plaintiff informed Mr. Priester of her belief that she had become fully disabled and would be retiring. The remaining allegations of this paragraph are denied.

5. Defendant admits discussing the insurance policy at issue with Plaintiff. Defendant denies any and all allegations of wrongdoing in this paragraph.

6. Defendant admits Plaintiff contacted him regarding the procedure for filing a claim for benefits under the policy at issue. The remaining allegations of this paragraph are denied.

7. Denied.

8. Denied.

Defendant denies the plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Without waiving any substantive or procedural deficiencies in Plaintiff's Complaint, Defendant denies each and every material allegation of Plaintiff's Complaint and demands strict proof thereof.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring these claims.

### FOURTH AFFIRMATIVE DEFENSE

Defendant pleads the applicable statutes of limitations to the extent they may apply.

### FIFTH AFFIRMATIVE DEFENSE

Defendant pleads the defense of after-acquired evidence.

### SIXTH AFFIRMATIVE DEFENSE

Defendant avers it is not guilty of the matters and things alleged in Plaintiff's Complaint and, further, Plaintiff's claims are barred in whole or in part because it never engaged in or intended to engage in any conduct to harm Plaintiff whatsoever.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by Plaintiff's failure to plead all conditions precedent to her claims for relief.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant pleads waiver, estoppel, release, unclean hands, res judicata, payment and collateral estoppel to the extent they may apply.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered injury or damage by reason of any act or omission of Defendant or any person or entity under its control.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of accord and satisfaction, ratification, consent, mistake, mutual mistake, fraud and acquiescence.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the defense of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the defenses of contributory negligence and/or comparative negligence and by the defense of assumption of the risk.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto.*

**FOURTEENTH AFFIRMATIVE DEFENSE**

The damages asserted on behalf of Plaintiff are the result of an intervening and/or superseding cause.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant pleads the general issue and states it is not guilty of the matters and things charged.

### SIXTEENTH AFFIRMATIVE DEFENSE

The transactions at issue in this case were arms-length transactions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint contains a misjoinder or nonjoinderof parties, or both, and is due to be dismissed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

For purposes of nonwaiver, Plaintiff's claims may be subject to binding arbitration and, therefore, should be dismissed.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant breached no duty owed to Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant owed Plaintiff no duty.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant denies it is guilty of any conduct entitling Plaintiff to recover punitive damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant denies any misrepresentation or suppression of material fact to any party.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant denies any present intent to deceive at the time any allegedly incorrect statements were made or material facts were suppressed.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant denies any reasonable or justifiable reliance by any person and/or entity on any alleged material misrepresentations or suppressions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered an injury in fact.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant denies he was aware of any material facts that Plaintiff alleges were misrepresented and/or suppressed. Further, Defendant avers he was merely a conduit of information between Plaintiff and the insurance carrier.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague; is not based upon any objective standards; is, in fact, standardless; and is not rationally related to legitimate government interests.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages suffered or awarded to the Plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

1. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportionate, or bear a reasonable relationship, to the actual harm incurred.

(h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2. Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant based upon Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)	The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)	The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.	The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.	The award of punitive damages against defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30 (1975).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are violative of the separation of powers clause of the United States Constitution and/or the Alabama Constitution to the extent that it exceeds the legislative cap imposed by the Alabama legislature in Alabama Code § 6-11-21.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against Defendant, this award contravenes defendants' rights to due process under the Fourteenth Amendment of the United States Constitution and the due process clause of Article 1, Section 13 of the Alabama

Constitution. In addition, such award would infringe upon Defendant's rights against double jeopardy insured by the Fifth (5th) Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Any punitive damage award would unconstitutionally encroach upon Defendant's right to open access to the courts of this State in violation of the United States Constitution and Article 1, Section 13 of the Alabama Constitution and Defendant's right to due process under the Fourteenth Amendment, jointly and separately.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The assessment of punitive damages in this action would impinge upon the Commerce Clause of Article 1, Section 8 of the United States Constitution as it constitutes an undue and unreasonable burden on interstate commerce. Alternatively, such an award is violative of the Commerce Clause to the extent that such an award punishes acts or omissions which have allegedly occurred solely outside of the state boundaries.

### FORTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate Defendant's rights under the Contract Clause of Article 1, Section 10 of the United States Constitution and Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The award of punitive damages in this case would contravene the constitutional prohibition against *ex post facto* laws as found in Article 1, Section 22 of the Alabama Constitution. Furthermore, Plaintiff's claims for punitive damages against this Defendant are capped at $50,000.

### FORTY-SECOND AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision, *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996).

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the merger doctrine and the parol evidence rule.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of frauds.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's allegations of fraud are not set forth with the particularity required by Ala. R. Civ. P. 9(b).

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendant reserves any additional and further defenses as may constitute an avoidance or affirmative defense as may be revealed during discovery or upon receipt of additional information.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend his answer.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Anything not specifically admitted herein and which is not otherwise clear from these responses is denied.

## FORTY-NINTH AFFIRMATIVE DEFENSE

For purposes of non-waiver, Defendant asserts any and all Rule 12(b) defenses, including but not limited to lack of jurisdiction of over the subject matter; lack of jurisdiction over the person; improper venue; insufficiency of process; insufficiency of service of process; failure to state a claim upon which relief can be granted; and failure to join a party under Rule 19.

## DEFENDANT DEMANDS A TRIAL BY A STRUCK JURY ON ALL ISSUES SO TRIABLE

/s/ Mark E. Tindal
Stephen E. Whitehead
Mark E. Tindal
Attorney for Defendant Doug Priester

**OF COUNSEL:**
LLOYD, GRAY, & WHITEHEAD, P.C.
Colonial Bank Building
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone - (205) 967-8822
Facsimile - (205) 967-2380
swhithead@lgwpc.com
mtindal@lgwpc.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing has been served upon the following via United States mail or via e-file, on this the <u>  3rd  </u> day of October, 2007.

Daniel E. Morris, Esq.
Post Office Box 2182
Anniston, AL 36202
      Attorney for Plaintiff

Thomas J. Knight, Esq.
Post Office Drawer 1850
Anniston, AL 36202
      Attorney for Plaintiff

                                              <u>/s/ Mark E. Tindal        </u>
                                              OF COUNSEL